IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WAYNE WILKES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-642 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| CHENEGA CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

Plaintiff initiated this action by filing a Motion for Leave to Proceed *In Forma Pauperis* on May 18, 2016 (Doc. 1), to which he attached his Complaint (Doc. 1-1) as well as other supporting documents. On May 19, 2016, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and directed the Clerk of Court to file Plaintiff's Complaint (Doc. 2). Under Federal Rule of Civil Procedure 4(m), Plaintiff had ninety (90) days after the complaint was filed to serve Defendant, resulting in an August 17, 2016 service deadline. Accordingly, on October 5, 2016, the Court issued an Order to Show Cause why Defendants had not been served with the Complaint and Summons and directing Plaintiff to respond by October 21, 2016 (Doc. 5).

Plaintiff responded on October 13, 2016 requesting an additional 90 days to effectuate service (Doc. 6). Although Plaintiff offered no legitimate rationale for his request, this Court afforded leniency in light of Plaintiff's *pro se* status and granted Plaintiff an additional 60 days to serve the Summons and Complaint on Defendants (Doc. 7). This October 19, 2016 Order stated: "Should Plaintiff fail to serve Defendants properly by December 19, 2016, the Court will dismiss this action." Id. At no point did Plaintiff request Marshal service of his Complaint.

On December 2, 2016, Plaintiff filed a return of service that was deficient in several respects. Most significantly, Plaintiff attempted to serve only one of the Defendants in his Complaint and failed to serve any of the Defendants with a Summons containing: the time within which they must appear and defend; notifying them that a failure to appear and defend will result in a default judgment; bearing the seal of the Court; and signed by the clerk, as required by Federal Rules of Civil Procedure 4(a)(1)(D) through (G), respectively.

In light of the foregoing, dismissal is warranted under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). Specifically, the Court relies on the Poulis factors regarding Plaintiff's personal responsibility in failing to serve Defendants; his failure to demonstrate excusable neglect; his history of failing to act promptly; and the lack of "meritoriousness" of Plaintiff's claim, which fails to state an actionable basis for wrongful termination of employment. Id. at 868. Plaintiff's seeming disinterest in prosecuting this case leaves no meaningful alternative to a dismissal.

For all of these reasons, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


November 20, 2017               s/Cathy Bissoon
                                Cathy Bissoon
                                United States District Judge


cc (via First-Class U.S. mail):

**KEVIN WAYNE WILKES**
3045 Pyramid Ave. E-2
Brentwood, PA 15227